# Exhibit A

IN THE COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

FILED
LUCAS COUNTY

2009 MAY 18 P 3:20

COMMON PLEAS COURT

| | | |
|---|---|---|
| Issa Sobh<br>13107 South Morrow Circle<br>Dearborn, MI 48126<br><br>Plaintiff,<br><br>vs.<br><br>American Family Insurance Co.<br>c/o Rick L. Laveer<br>550 Polaris Pkwy Ste 100<br>Westerville, OH 43082<br><br>Daniel Guadarrama<br>4925 Jackman Rd.<br>Toledo, OH 43613<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.<br><br>Judge: CI0200904555<br><br>**COMPLAINT AND JURY DEMAND**<br><br>Joanna E. Baron, Esq. (0075381)<br>Law Office of J. Baron<br>1900 Monroe St., Suite 113<br>Toledo, OH 43604<br>(419) 243-0020<br>Fax (419) 243-3145<br>*Attorney for Plaintiff*<br><br>ASSIGNED TO JUDGE DONEGHY |

Now comes the Plaintiff, Issa Sobh, by and through counsel, Joanna E. Baron, Esq., and hereby avers as his Complaint against Defendants the following:

### PARTIES

1. Issa Sobh, hereafter known as Plaintiff, is a resident of the City of Dearborn, Wayne County, State of Michigan. Plaintiff was at all relevant times during this cause of action.

2. American Family Insurance Co., hereafter known as Defendant American Family, was at all relevant times during this cause of action, a corporation with its principle place of business in the City of Columbus, Franklin County, State of Ohio. Defendant American Family makes insurance against accidents or casualty to persons or property and carries on the types of insurance authorized by ORC § 3929.01(A).


EXHIBIT A

3. Daniel Guadarrama, hereafter known as Defendant Guadarrama, at all times relevant to this cause of action, conducted business as an insurance agent for Defendant American Family, and had his principle place of business in the City of Toledo, Lucas County, State of Ohio.

## JURISDICTION

4. This Court has jurisdiction over these parties and this dispute, as the amount at issue is more than $15,000.

5. Venue is proper in this Court under Rule 3(B)(3) of the Ohio Rules of Civil Procedure in that the activity that gave rise to the claim for relief took place within the territorial limits of this Court.

## STATEMENT OF FACTS

6. Plaintiff is the sole member of ten (10) LLCs which include the following: Pine Place Plaza, LLC; M&R Plaza, LLC; Greenwich Plaza, LLC; Bay View Apartments, LLC; Sylvania Towers Plaza, LLC; Timber Rue Plaza, LLC; Tall Pine, LLC; S&J Plaza, LLC; Devonshire Plaza, LLC; and Fox Run Plaza, LLC.

7. Plaintiff made arrangements with Defendant Guadarrama, who was an agent of Defendant American Family, to insure each and every of the above listed properties.

8. Plaintiff paid premiums to Defendant Guadarrama, agent of Defendant American Family, for each and every above listed property, but the property was never actually properly insured.

9. Plaintiff became aware of this situation after one of the allegedly insured properties caught fire.

10. As a result of damages caused by fraud, conversion, breach of contract, and breach of fiduciary duty within the territorial limits of this Court, Plaintiff is entitled to recover from all Defendants.

## FIRST CAUSE OF ACTION
(Fraud on the alleged insurance coverage for Pine Place Plaza, LLC)

11. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1-10 above.

12. Plaintiff attempted to insure 8 buildings with 145 units and an office, owned by M&R Plaza, LLC, and located Sunny Brook Meadows Apartments, 5553 Lewis Avenue, Toledo, OH 43612.

13. On XXX Plaintiff paid a XXX premium to Defendant Guadarrama, an agent of Defendant American Family, to insure the property owned by Pine Place Plaza, from XXX to XXX.

14. Defendant American Family's policy number on the alleged insurance on Pine Place Plaza, LLC was 34X897002.

15. Despite the fact that Plaintiff paid Defendant Guadarrama for XXX of Defendant American Family's insurance, and policy # 34X897002 was written by Defendant Guadarrama, the policy was never activated by Defendant American Family.

16. Defendant Guadarrama made a false representation when he wrote Defendant American Family's policy # 34X897002 and failed to properly execute and/or process it.

17. Defendant Guadarrama had knowledge that this representation was false. This can be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

18. Defendant Guadarrama had intent to induce Plaintiff to rely on the representation. This can also be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

19. Plaintiff relied on Defendant Guadarrama's false representation. This is evidenced by the fact that he paid the premiums. Plaintiff's reliance was rightful as he had notice that the insurance policy was written.

20. In regards to Pine Place, LLC, Defendant Guadarrama defrauded Plaintiff for approximately $X. However, the total result of Defendant Guadarrama's fraud against Plaintiff was approximately $97,171.30.

21. As a result, Defendant Guadarrama's fraud, Plaintiff is entitled to relief.

## SECOND CAUSE OF ACTION

**(Fraud on the alleged insurance coverage for M&R Plaza, LLC)**

22. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1-21 above.

23. Plaintiff attempted to insure 8 buildings with 145 units and an office, owned by M&R Plaza, LLC, and located Sunny Brook Meadows Apartments, 5553 Lewis Avenue, Toledo, OH 43612.

24. On January 18, 2008, Plaintiff paid $13,356.02, the annual premium, to Defendant Guadarrama, an agent of Defendant American Family, to insure 8 buildings, owned by M&R Plaza, LLC, from January 22, 2008 till January 22, 2009.

25. The amount was paid out of an escrow account with Capmark Finance, Inc., check no. 0433594.

26. Defendant American Family's policy number on the alleged insurance on M&R, LLC was 34X2381302.

27. Despite the fact that Plaintiff paid Defendant Guadarrama for a full year of Defendant American Family's insurance, and the policy was written by Defendant Guadarrama, the policy was never activated by Defendant American Family.

28. Defendant Guadarrama made a false representation when he wrote Defendant American Family's policy # 34X2381302 and failed to properly execute and/or process it.

29. Defendant Guadarrama had knowledge that this representation was false. This can be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

30. Defendant Guadarrama had intent to induce Plaintiff to rely on the representation. This can also be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

31. Plaintiff relied on Defendant Guadarrama's false representation. This is evidenced by the fact that he paid the premiums. Plaintiff's reliance was rightful as he had notice that the insurance policy was written.

32. In regards to M&R, LLC, Defendant Guadarrama defrauded Plaintiff for approximately $13,356.02. However, the total result of Defendant Guadarrama's fraud against Plaintiff was approximately $97,171.30.

33. As a result, Defendant Guadarrama's fraud, Plaintiff is entitled to relief.

### THIRD CAUSE OF ACTION
(Fraud on the alleged insurance coverage for Greenwich Plaza, LLC)

34. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1-33 above.

35. Plaintiff attempted to insure 3 buildings with 58 units, owned by Greenwich Plaza, LLC, and located at Greenwich Apartments, 5120 Suder, Toledo, OH 43611.

36. On March 18, 2008, Plaintiff paid $7,799.00, the annual premium, to Defendant Guadarrama, an agent of Defendant American Family, to insure the property, owned by Greenwich Plaza, LLC, from January 22, 2008 till January 22, 2009.

37. The amount was paid by out of an escrow account with Capmark Finance, Inc., check no. 0439711.

38. Defendant American Family's policy number on the alleged insurance on Greenwich Plaza, LLC was 34X2819701.

39. Despite the fact that Plaintiff paid Defendant Guadarrama for a full year of Defendant American Family's insurance, and policy # 34X2819701 was written by Defendant Guadarrama, the policy was never activated by Defendant American Family.

40. Defendant Guadarrama made a false representation when he wrote Defendant American Family's policy # 34X2819701 and failed to properly execute and/or process it.

41. Defendant Guadarrama had knowledge that this representation was false. This can be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

42. Defendant Guadarrama had intent to induce Plaintiff to rely on the representation. This can also be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

43. Plaintiff relied on Defendant Guadarrama's false representation. This is evidenced by the fact that he paid the premiums. Plaintiff's reliance was rightful as he had notice that the insurance policy was written.

44. In regards to Greenwich Plaza, LLC, Defendant Guadarrama defrauded Plaintiff for approximately $7,799.00. However, the total result of Defendant Guadarrama's fraud against Plaintiff was approximately $97,171.30.

45. As a result, Defendant Guadarrama's fraud, Plaintiff is entitled to relief.

### FOURTH CAUSE OF ACTION
(Fraud on the alleged insurance coverage for Bay View Apartments, LLC)

46. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1-45 above.

47. Plaintiff attempted to insure 5 buildings with 96 units, owned by Bay View Apartments, LLC and located at Bay View Apartments, 3501 E. Manhattan Blvd., Toledo, OH 43611.

48. On March 12, 2008, Defendant American Family received payment of $888.50 from Plaintiff.

49. The amount was paid by a Comm. Lines Ledger, check number 3573.

50. On June 6, 2008, Defendant American Family received payment of $896.16 from Plaintiff.

51. The amount was paid by a Comm. Lines Ledger, check number 3772.

52. On July 14, 2008, Defendant American Family confirmed payment of $1,754.97 from Plaintiff.

53. The amount was paid by a Comm. Lines Ledger, check number 3798.

54. On July 14, 2008, Defendant American Family confirmed payment of $1,792.32 from Plaintiff.

55. The amount was paid by a Comm. Lines Ledger, check number 3796.

56. Defendant American Family's policy number on the alleged insurance on Bayview, LLC was 34X2817701.

57. Despite the fact that Plaintiff paid Defendant Guadarrama for American Family's insurance, and policy # 34X2817701 was written by Defendant Guadarrama, the policy was not properly activated by Defendant American Family.

58. Defendant Guadarrama made a false representation when he wrote Defendant American Family's policy # 34X897002 and failed to properly execute and/or process it.

59. Defendant Guadarrama had knowledge that this representation was false. This can be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

60. Defendant Guadarrama had intent to induce Plaintiff to rely on the representation. This can also be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

61. Plaintiff relied on Defendant Guadarrama's false representation. This is evidenced by the fact that he paid the premiums. Plaintiff's reliance was rightful as he had notice that the insurance policy was written.

62. In regards to Bay View, LLC, Defendant Guadarrama defrauded Plaintiff for approximately $5,331.95. However, the total result of Defendant Guadarrama's fraud against Plaintiff was approximately $97,171.30.

63. As a result, Defendant Guadarrama's fraud, Plaintiff is entitled to relief.

**FIFTH CAUSE OF ACTION**
(Fraud on the alleged insurance coverage for Sylvania Towers Plaza, LLC)

64. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1-63 above.

65. Plaintiff attempted to insure 2 buildings with 62 units, owned by Sylvania Towers, LLC and located at Sylvania Tower Apartments, 5301 W. Alexis Rd., Toledo, OH 43560.

66. On April 22, 2008, Plaintiff paid a $10,125.00 premium to Defendant Guadarrama, an agent of Defendant American Family, to insure the property owned by Sylvania Towers Plaza, LLC.

67. The amount was paid by Red Mortgage Capital, Inc., check number 0410.

68. Defendant American Family's policy number on the alleged insurance on Sylvania Towers Plaza, LLC was 39X3121901.

69. Despite the fact that Plaintiff paid Defendant Guadarrama for American Family's insurance, and policy # 39X3121901 was written by Defendant Guadarram, the policy was not properly activated by Defendant American Family.

70. Defendant Guadarrama made a false representation when he wrote policy Defendant American Family's policy # 39X3121901 and failed to properly execute and/or process it.

71. Defendant Guadarrama had knowledge that this representation was false. This can be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

72. Defendant Guadarrama had intent to induce Plaintiff to rely on the representation. This can also be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

73. Plaintiff relied on Defendant Guadarrama's false representation. This is evidenced by the fact that he paid the premiums. Plaintiff's reliance was rightful as he had notice that the insurance policy was written.

74. In regards to Sylvania Towers Plaza, LLC, Defendant Guadarrama defrauded Plaintiff for approximately $10,125.00. However, the total result of Defendant Guadarrama's fraud against Plaintiff was approximately $97,171.30.

75. As a result, Defendant Guadarrama's fraud, Plaintiff is entitled to relief.

## SIXTH CAUSE OF ACTION
(Fraud on the alleged insurance coverage for Timber Run Plaza, LLC)

76. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1-75 above.

77. Plaintiff attempted to insure 5 buildings with 96 units, owned by Timber Run Plaza, LLC and located at Timber Run Apartments, 2051 W. Alexis Rd., Toledo, OH 43560.

78. On March 28, 2007, Plaintiff paid a $16,070.00 premium to Defendant Guadarrama, an agent of Defendant American Family, to insure the property owned by Timber Run Plaza, LLC to insure the property from April 10, 2007 through April 10, 2009.

79. The amount was paid by the Port Lawrence Title and Trust Company, check number 11048010.

80. On March 28, 2007, Plaintiff paid a $9,973.00 premium to Defendant Guadarrama, an agent of Defendant American Family, to insure the property owned by Timber Run Plaza, LLC.

81. The amount was paid by Red Mortgage Capital, Inc., check number 33243.

82. Defendant American Family's policy number on the alleged insurance on Timber Run Plaza, LLC was 34X2441602.

83. Despite the fact that Plaintiff paid Defendant Guadarrama for American Family's insurance coverage, and policy # 34X2441602 was written by Defendant Guadarram, the policy was not properly activated by Defendant American Family.

84. Defendant Guadarrama made a false representation when he wrote policy Defendant American Family's policy # 34X2441602 and failed to properly execute and/or process it.

85. Defendant Guadarrama had knowledge that this representation was false. This can be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

86. Defendant Guadarrama had intent to induce Plaintiff to rely on the representation. This can also be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

87. Plaintiff relied on Defendant Guadarrama's false representation. This is evidenced by the fact that he paid the premiums. Plaintiff's reliance was rightful as he had notice that the insurance policy was written.

88. In regards to Timber Run Plaza, LLC, Defendant Guadarrama defrauded Plaintiff for approximately $9,973.00. However, the total result of Defendant Guadarrama's fraud against Plaintiff was approximately $97,171.30.

89. As a result, Defendant Guadarrama's fraud, Plaintiff is entitled to relief.

## SEVENTH CAUSE OF ACTION
(Fraud on the alleged insurance coverage for Tall Pine, LLC)

90. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1-89 above.

91. On October 31, 2007, Plaintiff paid a $14,099.00 premium to Defendant Guadarrama, an agent of Defendant American Family, to insure the property owned by Tall Pine, LLC located at Tall Pines Apartments, 4343 W. Alexis, #1, Toledo, OH 43623.

92. The amount was paid by the Port Lawrence Title and Trust Company, check number 11058770.

93. Defendant American Family's policy number on the alleged insurance on Timber Run Plaza, LLC is not presently known.

94. Despite the fact that Plaintiff paid Defendant Guadarrama for American Family's insurance coverage, and the policy was written by Defendant Guadarrama, the policy was not properly activated by Defendant American Family.

95. Defendant Guadarrama made a false representation when he wrote Defendant American Family's policy and failed to properly execute and/or process it.

96. Defendant Guadarrama had knowledge that this representation was false. This can be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

97. Defendant Guadarrama had intent to induce Plaintiff to rely on the representation. This can also be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

98. Plaintiff relied on Defendant Guadarrama's false representation. This is evidenced by the fact that he paid the premiums. Plaintiff's reliance was rightful as he had notice that the insurance policy was written.

99. In regards to Tall Pine, LLC, Defendant Guadarrama defrauded Plaintiff for approximately $$14,099.00 However, the total result of Defendant Guadarrama's fraud against Plaintiff was approximately $97,171.30.

100. As a result, Defendant Guadarrama's fraud, Plaintiff is entitled to relief.

## EIGHTH CAUSE OF ACTION
(Fraud on the alleged insurance coverage for S&J Plaza, LLC)

101. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1-100 above.

102. On X, Plaintiff paid a $X premium to Defendant Guadarrama, an agent of Defendant American Family, to insure the property owned by S&J Plaza located at 55525 Lewis Avenue, Toledo, OH 43612.

103. Defendant American Family's policy number on the alleged insurance on S&J Plaza, LLC is 34X2301401.

104. The amount was paid by the Port Lawrence Title and Trust Company, check number 11058770.

105. Despite the fact that Plaintiff paid Defendant Guadarrama for American Family's insurance coverage, and the policy #34X2301401 was written by Defendant Guadarrama, the policy was not properly activated by Defendant American Family.

106. Defendant Guadarrama made a false representation when he wrote Defendant American Family's policy and failed to properly execute and/or process it.

107. Defendant Guadarrama had knowledge that this representation was false. This can be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

108. Defendant Guadarrama had intent to induce Plaintiff to rely on the representation. This can also be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

109. Plaintiff relied on Defendant Guadarrama's false representation. This is evidenced by the fact that he paid the premiums. Plaintiff's reliance was rightful as he had notice that the insurance policy was written.

110. In regards to S&J Plaza, LLC, Defendant Guadarrama defrauded Plaintiff for approximately $X. However, the total result of Defendant Guadarrama's fraud against Plaintiff was approximately $97,171.30.

111. As a result, Defendant Guadarrama's fraud, Plaintiff is entitled to relief.

### NINTH CAUSE OF ACTION
(Fraud on the alleged insurance coverage for Devonshire Plaza, LLC)

112. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1-111 above.

113. On June 9, 2008, Defendant American Family received a $947.50 premium from Plaintiff, to insure the property owned by Devonshire Plaza, LLC located at Devonshire Apartments, 902 Gribben Ln., Toledo, OH 43612.

114. The amount was paid through customer billing, check no. 3771.

115. On March 12, 2008, Defendant American Family received a $945.00 premium from Plaintiff, to insure the property owned by Devonshire Plaza, LLC located at Devonshire Apartments, 902 Gribben Ln., Toledo, OH 43612.

116. The amount was paid through customer billing, check no. 150.

117. Defendant American Family's policy number on the alleged insurance on Devonshire Plaza, LLC is 34X289710290.

118. Despite the fact that Plaintiff paid Defendant Guadarrama for American Family's insurance coverage, and the policy 34X289710290 was written by Defendant Guadarrama, the policy was not properly activated by Defendant American Family.

119. Defendant Guadarrama made a false representation when he wrote Defendant American Family's policy and failed to properly execute and/or process it.

120. Defendant Guadarrama had knowledge that this representation was false. This can be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

121. Defendant Guadarrama had intent to induce Plaintiff to rely on the representation. This can also be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

122. Plaintiff relied on Defendant Guadarrama's false representation. This is evidenced by the fact that he paid the premiums. Plaintiff's reliance was rightful as he had notice that the insurance policy was written.

123. In regards to Devonshire Plaza, LLC, Defendant Guadarrama defrauded Plaintiff for approximately $2,983.00. However, the total result of Defendant Guadarrama's fraud against Plaintiff was approximately $97,171.30.

124. As a result, Defendant Guadarrama's fraud, Plaintiff is entitled to relief.

### TENTH CAUSE OF ACTION
(Fraud on the alleged insurance coverage for Fox Run Plaza, LLC)

125. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1-124 above.

126. On June 9, 2008, Defendant American Family received a $785.17 premium from Plaintiff, to insure the property owned by Fox Run Plaza, LLC, located at Fox Run Plaza, LLC is Fox Run Apartments, 2135 Stirrup Ln., Apt. 14, Toledo, OH 43613.

127. On March 12, 2008, Defendant American Family received a $386.68 premium from Plaintiff, to insure the property owned by Fox Run Plaza, LLC, located at Fox Run Plaza, LLC is Fox Run Apartments, 2135 Stirrup Ln., Apt. 14, Toledo, OH 43613.

128. Defendant American Family's policy number on the alleged insurance on Fox Run Plaza, LLC was 34X261801.

129. Despite the fact that Plaintiff paid Defendant Guadarrama for American Family's insurance coverage, and the policy #34X261801 was written by Defendant Guadarrama, the policy was not properly activated by Defendant American Family.

130. Defendant Guadarrama made a false representation when he wrote Defendant American Family's policy and failed to properly execute and/or process it.

131. Defendant Guadarrama had knowledge that this representation was false. This can be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

132. Defendant Guadarrama had intent to induce Plaintiff to rely on the representation. This can also be demonstrated by the fact that Defendant Guadarrama repeated this course of action against Plaintiff several times within the same time period.

133. Plaintiff relied on Defendant Guadarrama's false representation. This is evidenced by the fact that he paid the premiums. Plaintiff's reliance was rightful as he had notice that the insurance policy was written.

134. In regards to Fox Run Plaza, LLC, Defendant Guadarrama defrauded Plaintiff for approximately $1,171.85. However, the total result of Defendant Guadarrama's fraud against Plaintiff was approximately $97,171.30.

135. As a result, Defendant Guadarrama's fraud, Plaintiff is entitled to relief.

### ELEVENTH CAUSE OF ACTION
(Violation of ORC 3905.14)

136. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1-X above.

137. By failing to properly process and/or execute Plaintiff's premium payments, as described in Causes of Action 1-10, Defendant Guadarrama committed conversion.

138. Defendant Guadarrama's actions in Causes of Action 1-10 above deprived Plaintiff of the use and/or benefit of his premium payments.

139. This interference caused damages to Plaintiff in that he was not insured.

140. Plaintiff is thus entitled to recover from Defendant Guadarrama.

### TWELFTH CAUSE OF ACTION
### (Violation of ORC 3905.14)

141. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1-140 above.

142. As a result of Defendant Guadarrama's course of actions in Causes of Action 1-10, Defendant Guadarrama violated Section (5) of ORC 3905.14 by "Intentionally misrepresenting the terms, benefits, value, cost, or effective dates of any actual or proposed insurance contract or application for insurance."

143. As a result of Defendant Guadarrama's course of actions in Causes of Action 1-11, Defendant Guadarrama violated Section (4) of ORC 3905.14 by "Improperly withholding, misappropriating, or converting any money or property received in the course of doing insurance business."

### THIRTEENTH CAUSE OF ACTION
### (Violation of ORC 3905.14)

144. Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1-143 above.

145. Defendant Guadarrama wrote Plaintiff several contract policies, as described in Causes of Action 1-10, thus making Defendant American Family a party to the contracts.

146. The policy contracts, as described in Causes of Action 1-10, were enforceable at law.

147. When Plaintiff's insurance policy contracts, as described in Causes of Action 1-10, were not properly executed and or processed after the premiums were paid, Defendant American Family Insurance breached its contract.

148. As a result, Plaintiff suffered damages and is entitled to relief.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Honorable Court issue an order and judgment against Defendants, jointly and severally, as follows:

1. Ordering Defendants to pay compensatory damages in excess of $97,171.30 plus interests, costs, and attorney's fees.

2. Ordering Defendants to pay punitive damages because Defendant Guadarrama acted in a malicious, willful and/or wanton manner toward Plaintiff.

3. Assessing all court costs against Defendants.

4. For such other and further relief as the Court deems equitable, just and proper.

Respectfully Submitted,

*[signature]*

Joanna E. Baron, Esq. (0075381)
Law Office of J. Baron
1900 Monroe St., Suite 113
Toledo, OH 43604
*Attorney for Plaintiff.*

### JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully Submitted,

*[signature]*

Joanna E. Baron, Esq. (0075381)