IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Issa Sobh,                                          Case No. 3:09 CV 1355

                          Plaintiff,               MEMORANDUM OPINION
                                                   AND ORDER

               -vs-
                                                   JUDGE JACK ZOUHARY
American Family Insurance Co., et al.,

                          Defendants.


**INTRODUCTION**

Before this Court is Defendant American Family Insurance Co.'s ("American Family") Motion for Summary Judgment (Doc. No. 45).  Plaintiff Issa Sobh has opposed (Doc. No. 47); Defendant replied (Doc. No. 48).  Sobh, in his individual capacity, claims American Family is liable for breach of contract because American Family allegedly failed to properly fulfill its duties under various insurance policies that were issued to properties owned by ten limited liability companies ("LLCs") operated by Sobh.  American Family argues (1) Sobh is not a proper party to bring this breach of contract action; (2) the submitted insurance claims were properly denied under the terms of the policies; and (3) American Family cannot be held liable for breach of contract based on the alleged fraud on the part of Defendant Daniel Guadarrama (Doc. No. 45, pp. 8–10).

**BACKGROUND**

Plaintiff Issa Sobh is the sole member of ten LLCs that were formed to own and operate a variety of commercial and residential rental properties.  Each named property was owned by a similarly-named LLC (e.g., Bay View Apartments were owned and operated by Bay View

Apartments, LLC) (Doc. No. 47, p. 1; Doc. No 57, p. 10).  None of the policies were issued in Sobh's name.

Sobh made arrangements in 2007 with Defendant Daniel Guadarrama, an independent agent for American Family, to obtain insurance coverage on each of the properties owned by the ten LLCs (Doc. No. 47, p. 1; Doc. No. 57, pp. 10–14).  Sobh alleges Guadarrama stole the premiums, resulting in no coverage being issued or the policies being cancelled for non-payment (Doc. No. 57, p. 17). American Family claims the policies were validly issued but cancelled in 2008-09 for non-payment. The cancellation notices were sent to the named LLC policyholders at their respective addresses on file with American Family (Doc. No. 45, pp. 3–4).

Sobh alleges that, in 2008, he submitted several claims to American Family for water and storm damage to the roofs of the Pine Place Plaza, Timber Run Plaza, and M&R properties (Doc. No. 57, pp. 14–15).  He further claims he was unaware that anything was amiss and, only after submitting the claims, did he discover the insurance policies had been cancelled (Doc. No. 57, p. 21).  When American Family refused to provide coverage to repair the damaged roofs, Sobh claims many of his tenants at the Pine Place and M&R properties moved out, causing a substantial loss of rental income, which eventually resulted in defaulting on the mortgage payments and all ten properties landing in receivership (Doc. No. 57, pp. 26, 38).

Contrary to Sobh's claims, American Family submitted affidavits stating that there was insurance on the Pine Place, Timber Run, and M&R properties when the claims were submitted in 2008.  However, a claims adjuster inspected the damage at all three properties and found that, in each case, the estimated cost to repair the covered damage fell below the $10,000 deductible of each policy. Consequently, American Family determined that no payment was proper under the policies.  The

adjuster also noted that there was preexisting damage on the Pine Place and Timber Run properties due to improper maintenance and repair (Doc. No. 45, Ex. B).

This Court previously entered a default judgment against Defendant Guadaramma for Sobh's claims of fraud and conversion in connection with Guadaramma's alleged "pocketing" of the insurance premiums (Doc. Nos. 34, 36). Sobh's remaining claim against American Family alleges breach of contract for its failure to "execute or process" the various insurance policies and its refusal to make payment on the damage claims (Doc. No. 1, Ex. A, ¶¶ 144–48). American Family moves for summary judgment on the three alternative grounds noted above.

### STANDARD OF REVIEW

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, a court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, a court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

### ANALYSIS

American Family argues Sobh cannot establish a contractual relationship between himself and American Family with respect to the insurance policies at issue and therefore, as a matter of law, American Family is entitled to summary judgment on the remaining breach of contract claim (Doc Nos. 45, 48). This Court agrees.

3

Sobh argues that because he was the sole member of the ten LLC entities that owned the apartment buildings and in whose names the insurance policies were written, he should be able to bring suit in his own name (Doc. No. 47, pp. 5–6).  Stated another way, Sobh claims his status as the sole owner provides a valid basis for personally asserting contractual rights under the policies issued in the name of the LLCs.

The Ohio law for alleging breach of contract is clear.  The party alleging breach of contract must show: (1) the existence of a binding contract or agreement; (2) the non-breaching party performed its contractual obligations; (3) the other party failed to fulfill its contractual obligations without legal excuse; and (4) the non-breaching party suffered damages as a result of the breach. *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App. 3d 95, 108 (Ohio Ct. App. 1995).  To clear the first hurdle of establishing the existence of a binding contract, the parties must be in privity -- without privity, Ohio does not recognize, and has no remedy for, a contract action.  *Mahalsky v. Salem Tool Co.*, 461 F.2d 581, 584 (6th Cir. 1972).  Stated more simply, a contract is only binding on those who are parties to it.  *Waterfield Mortg. v. Buckeye State Mut. Ins. Co.*, 1994 WL 527594, at *2 (Ohio Ct. App. 1994) (citing *Delly v. Lehtonen*, 21 Ohio App. 3d 90, *90 (Ohio Ct. App. 1984)).

Here, the insurance contracts were between American Family and the various LLCs that were the legal owners of the different properties (Doc. No. 45, Ex. A).  Sobh does not dispute that the LLCs were, in fact, the legal owners of the properties (Doc. No. 57, p. 10), and there were no other binding contracts between Sobh in his individual capacity and American Family.  Should this Court nonetheless "look through" the LLCs and find that Sobh, as the sole member of the LLCs, had a contractual relationship with American Family allowing him to pursue this lawsuit?  To answer this question, this Court is guided by Ohio's general corporation and limited liability company statutes.

4

Ohio's general corporation law is found at O.R.C. § 1701.01 *et seq.* while Ohio's limited liability company statute is found at O.R.C. § 1705.01 *et seq.*  LLCs are a relatively new form of business organization that attempt to provide its members the limited liability protection of a corporation, and tax advantages of an unincorporated entity, while avoiding the complexity and double taxation disadvantages that come with forming a corporation.  *See, e.g.*, Marybeth Bosko, *The Best of Both Worlds: The Limited Liability Company*, 54 Ohio St. L.J. 175, 175–77 (1993).  While the respective Ohio corporation and LLC statutes embrace these distinctions, this Court focuses on several of the very basic provisions of the statutes to illustrate the similarities in the legal rights of corporations and LLCs.

Section 1701.13 describes the powers and authority of a corporation, including:

(A)  A corporation may sue and be sued. . . . (F) In carrying out the purposes stated in its articles and subject to limitations prescribed by law or in its articles, a corporation may:  (1) Purchase or otherwise acquire . . . sell . . . and dispose of property . . . (2) Make contracts . . . (6) Borrow money . . . and secure any of its obligations by mortgage, pledge, or deed of trust of all or any of its property, and guarantee or secure obligations of any person.

In almost parallel fashion, Section 1705.03 gives LLCs virtually identical authority.  For example:

(A) A limited liability company may sue and be sued. . . . (C) In carrying out the purposes stated in its articles of organization or operating agreement and subject to limitations prescribed by law or in its articles of organization or its operating agreement, a limited liability company may do all of the following:  (1) Purchase or otherwise acquire . . . sell . . . and dispose of property . . . (2) Make contracts; . . . (7) Borrow money; (8) Issue, sell, and pledge its notes, bonds, and other evidences of indebtedness; (9) Secure any of its obligations by mortgage, pledge, or deed of trust of all or any of its property; (10) Guarantee or secure obligations of any person . . .

Considering the similarity of these two legal entities -- providing liability protection for its members, and nearly identical authority for the entities to enter contracts and to sue and be sued in their own right -- this Court looks to see how Ohio law treats sole shareholder corporations on the

similar question of whether a sole shareholder in a corporation would have the right to bring a breach of contract action in his own name.

Again, Ohio law is clear -- a claimed injury to a corporation in Ohio must be brought by the corporation itself or in the form of a derivative action. *Gerber v. Gariepy*, 28 F.3d 1213, at *3 (6th Cir. 1994) (unpublished table opinion) (citing *Adair v. Wozniak*, 492 N.E.2d 426, 429 (Ohio 1986)). "[A]n action to redress injuries to a corporation . . . cannot be maintained by a stockholder in his own name. . . . The general rule is applicable in cases where the individual is the sole stockholder." *Canderm Pharmacal v. Elder Pharmaceuticals*, 862 F.2d 597, 602–03 (6th Cir. 1988) (citations omitted).

This Court sees no reason to depart from this rule with respect to a sole member of an LLC. Sobh cannot have it both ways.  Sobh utilized the various LLC entities to own the various properties, benefitting from the liability and tax advantages.  However, by attempting to pursue these breach of contract actions in his own name, instead of on behalf of the LLCs, Sobh runs afoul of the requirement that he must personally be in privity with American Family and obscures the proper accounting of the LLCs assets.  Any recovery for the breach of contract is an asset of the LLC, not Sobh.  It would be wrong to allow Sobh to rely on the protections of the LLC entities only when it suits him.  He does not get to choose.  This Court finds that Sobh is not a proper party plaintiff in the breach of contract action against American Family and American Family is entitled to summary judgment.

American Family is also entitled to summary judgment on the alleged fraudulent acts of Defendant Guadarrama.

Sobh is correct that O.R.C. § 3929.27 states: "A person who solicits insurance and procures the application therefor shall be considered as the agent of the party, company, or association

thereafter issuing a policy upon such application or a renewal thereof, despite any contrary provisions in the application or policy."  However, that statute does not automatically make American Family liable for Guadarrama's alleged fraud.  Ohio courts hold that the statute does not completely replace basic common law principles of agency, but merely codifies that acts of an agent within the scope of his agency will be binding on his principal.  *Damon's Missouri, Inc. v. Davis*, 63 Ohio St. 3d 605, 609 (Ohio 1992).  The statute therefore is **not** determinative of the scope of the agent's authority and this Court must consider whether the alleged acts were, or were not, within the scope of Guadarrama's authority.  *See Elkins v. American Int'l Special Lines Ins. Co.*, 611 F. Supp. 2d 752, 766 (S.D. Ohio 2009).

Here, Sobh claims that Guadarrama, as an independent agent of American Family, fraudulently stole the insurance premiums paid to Guadarrama instead of passing those payments along to American Family, thus causing the downstream cancellation of the policies and American Family's eventual failure to cover damages to the properties (Doc. No. 46, p. 17).  Based on these claims, no reasonable jury could conclude that Guadarrama was acting within the proper scope of his duties as an insurance agent for American Family.  Sobh presents no evidence that American Family knew of and ratified Guadarrama's alleged theft of the insurance premiums.  *See Davis v. Mutual Life Ins. Co. of New York*, 6 F.3d 367, 374–75 (6th Cir. 1993) (stating an insurance company is bound by acts of its agents even it the acts exceed their authority **if** the company ratified such actions).  The record reveals American Family followed its normal practice of notifying the insured LLCs that the policies at issue were cancelled (Doc. No. 45, Ex. A, at 3).  The causal chain proposed by Plaintiff does not link American Family to support a breach of contract claim.

Furthermore, courts have found insurance agents liable for premiums due and owing by the insured where the method of payment was under an "agency billing" approach where the insured paid

the monthly premiums to the agent and the agent remitted the premium to the insurer. *Heritage Mut. Ins. Co. v. Cletzer & Assocs. Ins. Agency, Inc.*, 1996 WL 199532, at *2–3 (Ohio Ct. App. 1996).  As Sobh admits, some of the premium payments were made to Guadarrama with the intent they be remitted to American Family (Doc. No. 57, p. 12).  His proper path to recovery is against Guadarrama -- against whom this Court has already entered a default judgment (Doc. Nos. 34, 36).

### CONCLUSION

For the above reasons, Defendant American Family Insurance's Motion for Summary Judgment is granted.

IT IS SO ORDERED.

_____s/ *Jack Zouhary*_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 21, 2010